No. 516

TRACTION & LIGHT CO. v. KENMORE CITY et al.

Ohio Appeals, 9th District, Summit County

No. 707. Decided March 29, 1923

This opinion has not been published except in Abstract.

ASSESSMENTS—(1) Equitable owner subject to GC. 3818—(2) Excessive assessment—(3) Assessment over 33 1/3% illegal—(4) As the entire property was benefitted, proper to make assessment on the whole property—(5) Proper assessment under circumstances.

SAYRE, J.:

Epitomized Opinion

This is a suit to enjoin the collection of an assessment. The plaintiff, the Traction Company, owned a strip of land 30 feet wide through the center of a certain boulevard which was 100 feet wide in the City of Kenmore. The Street Car Co. used this land for a double track. In 1920 the city paved the north portion of the boulevard and assessed one-half of the cost upon the plaintiff's 30-foot strip, which amounted to more than $125,000, and assessed the property owners on the opposite side of the boulevard the other half of the expense for this improvement. At the time the assessment was made the Street Car Company owned a portion of the 30-foot strip in fee, but there was a distance of about 6,700 feet it held under a contract with the Akron Realty Co. The conveyance referred to in the contract had never been made and in 1912 the Realty Co. assigned all its rights, title and interest in the contract to the city. The notice of the resolution of the necessity for the improvement was served upon the Railway Company only. The case was tried in Common Pleas Court of Summit county and resulted in a dismissal of the injunction suit. The Railway Company then prosecuted an appeal. The Court of Appeals in Modifying the decision of the lower court, held:

1. The Railway Company was the equitable owner of the 30-foot strip which came within the meaning of GC. 3818.

2. While the Railway Company received some benefits, the assessment upon the 30-foot strip was clearly in excess of the benefits resulting from the improvement.

3. That the assessment was in excess of 33 1/3% of the value of the property after the completion of the improvement, and therefore illegal.

4. That it was proper to levy the assessment upon the whole of the 30-foot strip, as the entire strip was benefitted by the improvement.

5. A fair and just assessment upon the property would be the sum of $32,200 and that defendants be enjoined from collecting more than that sum.

Decree accordingly.

Attorneys—Mather, Nesbitt & Willkie, for Traction & Light Company; Slabaugh, Young, Seiberling, Huber & Guinther, for Kenmore et al.